UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| _____ ) | | |
| THE INTERNATIONAL PONTOON ) | | |
| CORPORATION, a Georgia Corporation ) | | |
| and, DERWOOD L. LITTLEFIELD, ) | | |
|  ) | | |
| Plaintiffs, ) | | |
|  ) | | |
| v. ) | Civil Action No. _____ | |
|  ) | | |
| LEXINGTON MARINE GROUP, LLC, ) | | |
| a North Carolina limited liability ) | | |
| company, and HUDSON WANG, ) | | |
|  ) | | |
| Defendants. ) | | |
|  ) | | |
| _____ ) | | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Parties, Jurisdiction and Venue.*

1. Derwood L. Littlefield (hereinafter "Mr. Littlefield") is a resident and citizen of the State of Tennessee with substantial business holdings in the State of Georgia.

2. The International Pontoon Corporation (hereinafter "IPC") is a corporation organized and existing under the laws of the State of Georgia. IPC's principal place of business is located at 303 Swett Avenue, Americus, GA 31709.

1

IPC is the successor by name change to Innovative Sponsons, Inc., a Georgia Corporation.

3. Hudson Wang (hereinafter "Wang") is, upon information and believe, a Chinese national with substantial business holdings in the United States. Upon information and belief, Wang is the sole member of Lexington Marine Group, LLC, which is identified below.

4. Lexington Marine Group, LLC ("LMG") is a limited liability corporation organized and existing under the laws of the State of North Carolina. LMG's principal place of business is located at 9101-4 Lackey Road NE, Leland, NC 28451. According to the records of the North Carolina Secretaary of State, LMG may be served through its registered agent for service of process, Kourtnei Martin, at the aforementioned principal address. LMG's primary business is the manufacture and assembly of aluminum pontoon boats for wholesale distribution to dealers.

5. Jurisdiction is proper in the Court pursuant to 28 U.S.C. § 1332 as Mr. Littlefield, IPC, Wang, and IMG (collectively, "the Parties") are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00). Venue is proper in this Court by agreement of the Parties as set forth in Paragraph 8.8 of the Asset Purchase Agreement described *infra*.

*Facts Common to All Claims.*

6. Beginning in mid-April 2017, representatives of LMG reached out to Mr. Littlefield for the purpose of marketing boats to Mr. Littlefield's retail group of companies which conduct business under the trade names "Factory Direct Marine & RV" and "Boat-N-RV."

7. On or about April 22, 2017, Mr. Littlefield traveled to Leland, North Carolina, to meet with LMG representatives, at which time it was agreed, generally, that LMG would continue to manufacture pontoon boats in Leland, North Carolina, through the end of 2017, that Mr. Littlefield would cause his retail entities to purchase all of LMG's completed boat inventory on specific terms, and that Mr. Littlefield would form a new entity to obtain LMG's equipment and take assignment of LMG's intellectual property. The new entity would then commence construction of the Lexington line of pontoon boats at its facility in Georgia following the closure of LMG's Leland facility.

8. The general terms agreed upon on April 22, 2017, were incorporated into a Memorandum of Understanding (the "MOU") between the Parties which is appended hereto as <u>Exhibit A</u>.

9.      Mr. Littlefield caused his retail entities to begin purchasing LMG pontoon boats immediately following the April 22, 2017, meeting in Leland, NC, and the Parties' execution of the MOU.

10.     Subsequent to the execution of the MOU, on or about May 24, 2017, LMG, Wang, Mr. Littlefield, and IPC entered into the Asset Purchase Agreement (the "APA") appended hereto as Exhibit B and the Assignment of Intellectual Property (the "IP Assignment") appended hereto as Exhibit C.

11.     Plaintiffs' only obligation under the terms of the APA was to pay for the boats delivered.

12.     Pursuant to the APA, Defendants agreed to provide certain warranties on the pontoon boats and components that it manufactured and Plaintiffs purchased.

13.     As of the date and time of this Complaint, LMG has closed its manufacturing facility in Leland, North Carolina.

*Count I. Breach of the APA.*

14.     Plaintiffs incorporate the allegations contained in Paragraphs 1-13 as if set forth verbatim herein.

15.     Almost immediately after the execution of the APA, Plaintiffs began experiencing problems with Defendants' performance under the terms of the APA.

As of the date of this Complaint, Plaintiffs have sent Defendants not fewer than three (3) notices that they were in breach of the APA and IP assignment.

16.     Schedule A of the APA identifies the specific units to be built by LMG and obtained by Mr. Littlefield's retail entities, together with specific accessories and the pricing thereof.

17.     Defendants continually failed to built the vessels identified in Schedule A of the APA to specification. In recognition thereof, in or around July 2017, LMG tendered a check for deficient vessels delivered as of that time.

18.     Thereafter, however, Defendants continued to tender vessels built contrary to the specification(s) identified in Schedule A of the APA. Nevertheless, Mr. Littlefield, in good faith, continued to tender the full contract price to LMG for the deficient items.

19.     To date, Mr. Littlefield's retail entities have obtained approximately 400 pontoon boats from Defendants. Defendants have been paid in full for all vessels delivered to Plaintiffs.

20.     Approximately half of the vessels delivered by Defendants to Mr. Littlefield's retail entities arrived in damaged condition from Defendants' factory. Despite repeated demand for replacement parts or remuneration for the damaged

vessels, Defendants have taken no action whatsoever with respect to the delivery of damaged vessels.

21.     From and after December 8, 2017, Defendants delivered six (6) pontoon boat vessels with two (2) center pontoons designed for use on a tri-toon vessel, rendering the vessel unable to be sold due to the vessel's inability to comply with United States Coast Guard ("USCG") mandatory minimum maneuverability requirements.

22.     Upon information and belief, Defendants shipped completed vessels to other non-buyer authorized dealers in further violation of the APA, particularly Paragraph 5.5(b) thereof.

23.     Plaintiffs have been substantially damaged by Defendants' failure to build vessels to specification, by their consistent delivery of damaged vehicles, by their refusal to provide replacement parts, and by their violations of the APA discussed herein.

*Count II. Breach of the IP Assignment.*

24.     Plaintiffs incorporate the allegations contained in Paragraphs 1-23 as if set forth verbatim herein.

25.     Defendants have likewise failed to fulfil their obligations under the terms of the IP Assignment.

26. Concerning the IP Assignment, Defendants have failed or refused, *inter alia*, to:

A. Deliver control of the registration names for "lexingtonpontoons.com" and "lexmarinegroup.com;"

B. Deliver the source code for the aforementioned websites and domains;

C. Deliver CAD drawings and assembly instructions for each of the pontoon lines manufactured by LMG;

D. Deliver accurate BOMs and assembly instructions for each of the pontoon vessel lines manufactured by LMG; and

E. Deliver any and all USCG testing data, whether performed by LMG or the Coast Guard for all vessel lines manufactured by LMG.

27. Plaintiffs have been damaged by Defendants' refusal to perform according to the terms of the IP Assignment.

*Count III. Fraud – Warranty Programs.*

28. Plaintiffs incorporate the allegations contained in Paragraphs 1-27 as if set forth verbatim herein.

29. Paragraph 5.1 of the APA provides that "Seller will provide a lifetime warranty on the aluminum structure and framing [for vessels purchased subject to

APA] including transom and a one (1) year limited warranty on all other portions of the Inventory."

30. Despite repeated demand by Plaintiffs, Defendants have taken no action to create any mechanism for the payment of any claims under either of the warranty programs identified in Paragraph 5.1 of the APA.

31. In addition to refusing to provide parts and/or components to replace items that were tendered in a damaged condition as described *supra*, Defendants have likewise failed to provide any warranty components for vessels delivered to Mr. Littlefield's retail entities, including vessels which have been retail sold to third-parties.

32. Defendants' conduct from and after the execution of the APA demonstrate that they had no intention of creating or administering the warranty program(s) contemplated by the APA.

33. But for Defendants' promise to establish and administer the aforementioned warranty programs and to supply replacement components, Plaintiffs would never have entered into the APA.

34. Defendants knew or should have known that Plaintiffs would never have entered into the APA absent the promise of LMG to establish and administer the aforementioned warranty programs and to supply replacement components.

35. Defendants' never intended to establish and administer the aforementioned warranty program(s), yet offered to do so as a material inducement to Plaintiffs.

36. Plaintiffs have been damaged as a result of Defendants' refusal to establish a mechanism for payment of warranty claims and for the acquisition of replacement components.

*Count IV. Fraud – Use of Assigned Intellectual Property.*

37. Plaintiffs incorporate the allegations contained in Paragraphs 1-36 as if set forth verbatim herein.

38. On or about December 18, 2017, representatives of IPC and Mr. Littlefield met with representatives of Honda to discuss the terms of an engine supply relationship between Honda and IPC.

39. At that meeting, IPC and Mr. Littlefield leared that Wang has opened or is operating another pontoon vessel manufacturing facility in Minnesota, and that he and/or his representatives had lately approached Honda about supplying enginies for the Minnesota facility.

40. On information and belief, the vessels being manufactured by Wang utilize the intellectual property which Defendants have refused to provide to IPC as outlined in Count II, *supra*, in contravention of the terms of the IP Assignment.

41. It is apparent from his conduct that Wang entered into the APA and the IP assignment with no intent to follow through with the obligations set forth therein, and that he continues to utilize without license intellectual property that was lawfully assigned to IPC.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray as follows:

A. For judgment in an amount not less than $750,000.00 in compensatory, incidental, and consequential damages;

B. For punitive damages as a result of Defendants' unlawful conduct;

C. For an order of specific performance relative to Defendants' obligations under the IP assignment;

D. For an award of attorneys' fees pursuant to Paragraph 4 of the APA;

E. For such other relief as the Court deems just and proper.

Respectfully submitted this 4th day of January, 2018.

*/s/ W. Brian Holladay*
W. Brian Holladay, Esq.
Georgia Bar No. 300576
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone: (404)-909-8100
Facsimile: (404)-909-8120
bholladay@martensonlaw.com

Attorney for the Plaintiffs